

U.S. Department of Justice

**Leah B. Foley**
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 23, 2025

Kevin L. Barron
Attorney at Law
P.O. Box 290533
Charlestown, MA 02129

  Re: <u>United States v. Ralph Deleo</u>
     Criminal Nos. 09-CR-10391-SDN
           25-CR-10186-SDN

Dear Counsel:



  The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Ralph Deleo ("Defendant"), agree as follows with respect to the above-referenced case:

  1. <u>Plea to Supervised Release Violations</u>

  No later than ~~September 26~~ October 3, 2025, Defendant will plead guilty to Violation I of the Amended Petition and Affidavit for Warrant or Summons for Offender Under Supervision (the "Amended Violation Petition"), mandating that Defendant not commit another federal, state, or local crime; and Violation II of the Amended Violation Petition, mandating that Defendant not associate with any persons engaged in criminal activity or convicted of a felony. Defendant admits that Defendant committed Violations I and II, charged in the Amended Violation Petition, and is in fact guilty of each one.

  The U.S. Attorney agrees to recommend dismissal of Violation III of the Amended Violation Petition, mandating that Defendant not unlawfully possess a controlled substance, upon the imposition of sentence at the revocation and/or sentencing hearing in this matter.

  2. <u>Penalties</u>

Defendant faces a maximum period of imprisonment upon revocation of five (5) years.

  3. <u>Sentence Recommendation</u>

1

Pursuant to any applicable Federal Rules of Criminal Procedure and Local Rules of the U.S. District Court for the District of Massachusetts, the parties agree that the following is a reasonable and appropriate disposition of this case:

a) incarceration for twenty-four (24) months; and

b) twelve (12) months of supervised release.

The U.S. Attorney's agreement that the disposition set forth above is appropriate in this case is based, in part, on Defendant's acceptance of personal responsibility for the Supervised Release violations and conduct in this case.

The U.S. Attorney agrees not to charge Defendant with any additional offenses based on the conduct underlying the violations charged that is known to the U.S. Attorney at this time. Specifically, this conduct includes making false statements to federal officials on or about May 9, 2025 regarding his procurement and possession of personal identifying information of individuals involved in his prior federal conviction; associating with convicted felons; unlawfully possessing a controlled substance; and making threats to assault, kidnap, or murder current or former federal officials.

4. Seized Property

Defendant agrees to surrender and waive any and all rights to the following items seized by, and in the possession of, the government: marijuana discovered at Defendant's residence. The U.S. Attorney agrees to arrange for the return of certain seized possessions of Defendant, including his computer and cell phone, as soon as is practicable, as well as other seized property of Defendant upon completion of the government's investigation.

5. Who is Bound by Plea Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

6. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or on the record in court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Adam Deitch and Lauren Maynard.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: _____
WILLIAM F. ABELY
Chief, Criminal Division


_____
ADAM W. DEITCH
LAUREN MAYNARD
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the violations I am pleading guilty to, and the maximum penalties for those violations. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the violations. I believe this Agreement is in my best interest.

_Ralph J. deLeo_
Ralph Deleo
Defendant

Date: 9-27-25

I certify that Ralph Deleo has read this Agreement and that we have discussed what it means. I believe Mr. Deleo understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_Kevin Barron_
Kevin Barron
Attorney for Defendant

Date: 9/27/25